AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                        Sheet 1

# UNITED STATES DISTRICT COURT

Southern District of New York

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| | ) | |
| Zachary Huebsch | ) | Case Number:    S1 23 CR 00062 (KMK) |
| | ) | |
| | ) | USM Number:    81499-509 |
| | ) | |
| | ) | Rachel Martin, Esq. |
| | ) | Defendant's Attorney |

## THE DEFENDANT:

X pleaded guilty to count(s)    1

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 USC 2252A(a)(2)(B) and (b)(1) | Receipt and Distribution of Child Pornography | 8/21/2021 | 1 |

The defendant is sentenced as provided in pages 2 through    7    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

X Count(s)    any open or pending    ☐ is    X are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

November 16, 2023
Date of Imposition of Judgment

Signature of Judge

Hon. Kenneth M. Karas, U.S.D.J.
Name and Title of Judge

4/4/24
Date

AO 245B (Rev. 09/19) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page   2   of   7

DEFENDANT:       Zachary Huebsch
CASE NUMBER:     23 CR 00062 (KMK)

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

120 months for Count 1.  The Defendant has been advised of his right to appeal.

X   The court makes the following recommendations to the Bureau of Prisons:
   It is recommended that the Defendant be designated as close to Devens, Massachusetts or as close to Pine Bush New York as possible.

X   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

   ☐   at _____   ☐ a.m.   ☐ p.m.   on   _____ .

   ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐   before 2 p.m. on _____ .

   ☐   as notified by the United States Marshal.

   ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
　　　　　　　　　　　Sheet 3 — Supervised Release

Judgment—Page ___3___ of ___7___

DEFENDANT:        Zachary Huebsch
CASE NUMBER:      23 CR 00062 (KMK)

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

10 years of supervised release for Count 1.

## MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

    ☐ The above drug testing condition is suspended, based on the court's determination that you
    pose a low risk of future substance abuse. *(check if applicable)*

4.  X You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.  X You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.  X You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.  ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page ____4____ of ____7____

DEFENDANT:        Zachary Huebsch
CASE NUMBER:      23 CR 00062 (KMK)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

DEFENDANT:        Zachary Huebsch
CASE NUMBER:      23 CR 00062 (KMK)

## SPECIAL CONDITIONS OF SUPERVISION

It is recommended that if the Defendant is sentenced to any period of supervision, it is recommended that he is to be supervised by the district of residence.

The Defendant shall submit his person, residence, place of business, vehicle, and any property, computers (as defined in 18 USC 1030(e)(1)), electronic communications, data storage devices and/or other media under his control to a search on the basis that the Probation Officer has reasonable belief that contraband or evidence of a violation of the conditions of the defendant's supervised release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. The Defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

See attached for additional special conditions

4       The standard conditions 1 to 12 are imposed.  Those

5  will be explained later by the Probation Department.

6       The added conditions are as follows:  Mr. Huebsch is

7  not to have any contact whatsoever with the victim or her family

8  in this case.  This includes any physical, visual, written,

9  telephonic contact of any kind, and he is not to cause or

10  encourage anyone else to have such contact with the victim or

11  her family.

12       Next, Mr. Huebsch is not to access any websites, chat

13  rooms, instant messaging or social networking sites where his

14  criminal history, including this conviction, would render such

15  access in violation of the terms of the service of that website,

16  chat room, instant messaging or social networking site.

17       Also, Mr. Huebsch is to submit his person, as well as

18  any property, residence, vehicles, computers, electronic data

19  storage devices and the like to a search by the Probation

20  Department if need be with the assistance of any other law

21  enforcement agency on the basis that there is reasonable

22  suspicion concerning the violation of the conditions of release

23  or other unlawful conduct.  The search is to be done at a

24  reasonable time and in a reasonable manner, but failure to

25  submit to such a search may itself be grounds for revocation.

Case 7:23-cr-00062-KMK   Document 54   Filed 04/05/24   Page 7 of 19
Case 7:23-cr-00062-KMK   Document 52   Filed 02/26/24   Page 29 of 36

111623.3                        Proceedings                        29

1  Mr. Huebsch is to notify any others that the premises may be

2  subject to search pursuant to this condition.

3          Also, Mr. Huebsch is to permit the probation office to

4  install any application or software that allows it to survey

5  and/or monitor all activity on any computer, automated service,

6  or connected devices that he would use during the term of

7  supervision and that can access the Internet, and that the

8  Probation Department is authorized to install such applications

9  or software as necessary.  Tampering with or circumventing the

10 monitoring capabilities of the Probation Department is strictly

11 prohibited.

12         To ensure compliance with this condition, Mr. Huebsch

13 is to allow the Probation Department to conduct initial and

14 periodic unannounced examinations of any devices that are

15 subject to monitoring.  He is to notify any others who use the

16 devices that the device is subject to examination pursuant to

17 this condition.  He is to provide the probation office advance

18 notification of planned use of any devices, and will not use any

19 devices without approval until compatibility is determined and

20 installation is complete.  Applications for any devices used

21 shall be approved by the probation office.  Once the probation

22 office ensures compatibility with the surveillance/monitoring

23 application or software, websites, chat rooms, messaging and

24 social networking sites shall be accessed via the device's web

25 browser unless otherwise authorized.

1        Mr. Huebsch is not to create or access any Internet

2   service provider account or other online service using someone

3   else's account, name, designation or alias.  He will not utilize

4   any peer-to-peer file-sharing applications without the prior

5   approval of the probation office.  The use of any devices in the

6   course of employment will be subject to monitoring or

7   restriction as permitted by the employer.

8        Also, Mr. Huebsch is to undergo a sex-offense-specific

9   evaluation and participate in an outpatient sex offender

10  treatment and/or outpatient mental health treatment program

11  approved by the probation office.  He is to abide by any rules,

12  requirements and conditions of the sex offender treatment

13  program, including submission to polygraph testing, and

14  refraining from accessing websites, chat rooms, instant

15  messaging or social networking sites to the extent that sex

16  offender treatment and/or mental health treatment program

17  determines that such access would be detrimental to his ongoing

18  treatment.  He will not view, access, possess and/or download

19  any pornography involving adults unless approved by the sex-

20  offender-specific treatment provider.  He is to waive his right

21  of confidentiality of records from any mental health assessment

22  and treatment imposed as a consequence of this judgment to allow

23  the U.S. Probation Office to review the course of treatment and

24  progress of the treatment provider.  He is to contribute to the

25  cost of the services rendered based on his ability to pay or the

Case 7:23-cr-00062-KMK   Document 54   Filed 04/05/24   Page 9 of 19
Case 7:23-cr-00062-KMK   Document 52   Filed 02/26/24   Page 31 of 36

111623.3                          Proceedings                          31

1    availability of third-party payment.

2           The Court authorizes the release of available

3    psychological and psychiatric evaluations and reports, as well

4    as the presentence investigation report, to the treatment

5    provider.

6           Also, Mr. Huebsch is restricted from viewing,

7    accessing, possessing and/or downloading any sexually explicit

8    material involving minors, including those created via the

9    method of morphing or other image creation format.  He is not to

10   view or possess any "visual depiction" as defined in 18 U.S.C.

11   Section 2256, including any photograph, film, video, picture, or

12   computer-generated image or picture, whether made or produced by

13   electronic, mechanical or other means, of "sexually explicit

14   conduct" by a minor under the age of 18.

15          He is also not to have any contact with any child

16   under 18 unless approved by the probation office.  He is not to

17   loiter within 100 feet of places regularly frequented by

18   children under the age of 18, such as schoolyards, playgrounds,

19   and arcades.  He is not to view and/or access any web.profile

20   and users under the age of 18.  This includes, but is not

21   limited to:  Social networking websites, community portals, chat

22   rooms or other online environment which includes audio-visual

23   messaging, which would allow for realtime interaction with other

24   users without the prior approval from the probation office.

25          If the probation officer determines based on their

111623.3                              Proceedings                              32

1  evaluation of Mr. Huebsch's criminal records, personal history
2  or characteristics that he does pose a specific risk to another
3  person or any other organization, the probation officer, with
4  the approval of the Court, may require Mr. Huebsch to notify the
5  person about the risk, and he has to comply with that
6  instruction.  The probation officer may contact the person and
7  confirm that they have been notified about the risks.
8          Mr. Huebsch can be supervised by the district of his
9  residence.

AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page  6  of  7

DEFENDANT: Zachary Huebsch
CASE NUMBER: 23 CR 00062 (KMK)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment\*** | **JVTA Assessment\*\*** |
|---|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 19,725.90 | $ | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*\*\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| c/o Clerk of the Court | | $19,725.90 | |
| Order filed under Seal | | | |

| **TOTALS** | $ _____ | $ _____ 19,725.90 _____ |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the ☐ fine ☐ restitution.

    X the interest requirement for the ☐ fine X restitution is modified as follows:
        All interest is suspended for 10 years

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page __7__ of __7__

DEFENDANT:        Zachary Huebsch
CASE NUMBER:      23 CR 00062 (KMK)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  X  Lump sum payment of $ __100.00__ due immediately, balance due

☐ not later than _____ , or
☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B**  ☐  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

X The defendant shall forfeit the defendant's interest in the following property to the United States:
See Order of Forfeiture attached.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------X
                                          :
UNITED STATES OF AMERICA                  :   ORDER OF RESTITUTION
                                          :
       - v. -                             :   23 Cr. 62 (KMK)
                                          :
ZACHARY HUEBSCH,                          :
                     Defendant.           :
                                          :
-----------------------------------------X

Upon the application of the United States of America, by its attorney, Damian Williams, United States Attorney for the Southern District of New York, Marcia S. Cohen, Assistant United States Attorney, of counsel, and with the consent of ZACHARY HUEBSCH, the Defendant, by and through his counsel, Rachel Martin, Esq., and upon consideration of the Presentence Report, the Plea Agreement, the sentencing submissions, and the factors set forth in Title 18, United States Code, Section 3663, 3663A, and 3664, it is hereby ORDERED that

**1.** **Amount of Restitution.** ZACHARY HUEBSCH, the Defendant, shall pay restitution in the total amount of **$19,725.90** to Victim-1. The name and address for Victim-1 is set forth in the Restitution Schedule attached hereto. Upon advice of a change of address, the Clerk of the Court is authorized to send payments to the new address without further order of this Court.

**2.** **Timing of Payments.** While serving any term of imprisonment, the Defendant shall not be required to make restitution payments.

**3.** **Sealing.** Consistent with 18 U.S.C. §§3771(a)(8) & 3664(d)(4) and Federal Rule of Criminal Procedure 49.1, to protect the privacy interests of Victim-1 the Restitution Schedule attached hereto shall be filed under seal, except that copies may be retained and used or disclosed

1

by the Government, the Clerk's Office, and the Probation Department, as need be to effect and

enforce this Order, without further order of this Court.

Dated: White Plains, New York
       February __14__, 2024

SO ORDERED:

_____

HONORABLE KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                  :
UNITED STATES OF AMERICA                          :
                                                  :     CONSENT PRELIMINARY ORDER
            - v. -                                :     OF FORFEITURE AS TO
                                                  :     SPECIFIC PROPERTY
ZACHARY HUEBSCH,                                  :
                                                  :     S1 23 Cr. 62 (KMK)
            Defendant.                            :
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about May 24, 2023, ZACHARY HUEBSCH (the

"Defendant"), was charged in a one-count Superseding Information, S1 23 Cr. 62 (KMK) (the

"Information"), with receipt and distribution of child pornography, in violation of Title 18, United

States Code, Sections 2252A(a)(2)(B) and (b)(1) (Count One);

        WHEREAS, the Information included a forfeiture allegation as to Count One of the

Information, seeking forfeiture to the United States, ,of any and all property, real and personal,

constituting or derived from proceeds obtained, directly or indirectly, as a result of the offense

charged in Count One of the Information, and any and all property, real or personal, that was used

or intended to be used to commit or facilitate the commission of the offense charged in Count One

of the Information, including but not limited to a sum of money in United States currency

representing the amount of proceeds traceable to the commission of the offense charged in Count

One of the Information and the following specific property:

        a.   A Samsung Smartphone with serial number R5CR60K8EBJ;

        b.   A Samsung Galaxy S8 with IMEI 357712084519007; and

        c.   A Samsung Galaxy S7 with IMEI 351 71308091480;

(a. through c. collectively, the "Specific Property");

WHEREAS, on or about May 24, 2023, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit to the United States all right, title and interest of the Defendant in the Specific Property;

WHEREAS, the Defendant consents to the forfeiture of all his right, title and interest in the Specific Property, pursuant to Title 18, United States Code, Section 2253, which constitute property used or intended to be used to commit or to promote the commission of the offense charged in Count One of the Information; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney Marcia S. Cohen, of counsel, and the Defendant and his counsel, Rachel Martin, Esq., that:

1.      As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant

ZACHARY HUEBSCH, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.      Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5.      The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6.     Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7.     Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9.     The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

10.     The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____          11/13/2023
        MARCIA S. COHEN                                              DATE
        Assistant United States Attorney
        One St. Andrew's Plaza
        New York, NY 10007
        (212) 637-2444

ZACHARY HUEBSCH

By: _____          11/16/2023
        ZACHARY HUEBSCH                                          DATE

By: _____          11/16/2023
        RACHEL MARTIN, ESQ.                                   DATE
        Attorney for Defendant
        81 Main Street Suite 300
        White Plains, NY 10601

SO ORDERED:

_____          11/16/23
HONORABLE KENNETH M. KARAS                    DATE
UNITED STATES DISTRICT JUDGE